ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2004 AUG -9 AM 9:41

CLERK OF COURT

| | | |
|---|---|---|
| TED HARDING, II | § | |
| | § | |
| V. | § | C.A. NO. 4-04CV-524-Y |
| | § | |
| ANH H. REGENT | § | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
## AND BRIEF IN SUPPORT THEREOF

Defendant ANH H. REGENT ("Regent") files this Motion and Brief in Support to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

### I. BACKGROUND

1. Harding alleges that, while collecting a debt, Regent communicated directly with Harding though Regent could have readily ascertained that Harding was represented by counsel.

2. In particular, Harding alleges his lawyer served on Regent an answer to Regent's state court lawsuit via "receipted facsimile transmission" on March 1, 2004. (¶7, Complaint). Harding also alleges that Regent received from Harding's lawyer discovery responses in Regent's state court lawsuit on April 1, 2004. (¶8, Complaint).

3. Harding alleges he nevertheless received dunning letters directly from Regent dated March 6, 2004, June 14, 2004 and June 21, 2004. (¶¶8, 12 and 13, Complaint). Finally, Harding alleges he received messages on his "call-notes" directly from someone working for Regent. (¶¶10 and 11, Complaint).

4. Because of Regent's failure to ascertain that Harding was represented by counsel, Harding alleges multiple causes of action for purported violations of:

    a) Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA");
    b) Texas Debt Collection Act, TEX. FIN. CODE §392.001, *et. seq.* ("TDCA");

As discussed below, none of the claims are well-founded in law or fact.

## II. MOTION TO DISMISS

5. A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to lend sufficient facts to support a cognizable legal claim. *See SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

6. Harding alleges Regent communicated directly with Harding though Regent could have readily ascertained that Harding was represented by counsel. All five of Harding's FDCPA claims and both TDCA claims are based on this theory. As proven below, the mere failure to ascertain that a debtor is represented by counsel does not constitute a cause of action. All Harding's claims must therefore be dismissed because they fail to state legally cognizable claims or allege material factual elements necessary to sustain recovery against Regent under any legal theory.

## III. NO FDCPA VIOLATIONS

7. To establish a federal or Texas debt collection claim, Harding must prove that 1) REGENT was a debt collector; 2) he was subjected to debt collection activity by REGENT; and 3) REGENT engaged in a prohibited act or omission. *See e.g. Catherman v. First State Bank of Smithville*, 796 S.W.2d 299, 302 (Tex. App. – Austin 1990, no writ).

8. According to plaintiff, Regent violated 15 U.S.C. §1692c, §1692d, §1692e, and §1692f. Specifically, Harding claims:

a. In violation of 15 U.S.C. §1692c(a)2, the Defendant communicated with the Plaintiff in connection with the collection of a consumer debt after learning that the Plaintiff was represented by an attorney and knew, or could readily ascertain, the attorney's name and address. (¶18a, Complaint).

b. In violation of 15 U.S.C. §1692d, the Defendant engaged in conduct that natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included contacting a consumer who Defendant knows, or can readily ascertain, is represented by counsel. (¶18b, Complaint).

c. In violation of 15 U.S.C. §1692e,, 15 U.S.C. §1692e(2)(a), 15 U.S.C. §1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of the Debt. (¶18c, Complaint).

d. In violation of 15 U.S.C. §1692e(5), and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken. (¶18d, Complaint).

e. In violation of 15 U.S.C. §1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect the debt which means included contacting a consumer who Defendant knows, or can readily ascertain, is represented by counsel. (¶18e, Complaint).

**No §1692c(a)(2) Claim**

9. 15 U.S.C. §1692c(a)(2) provides:

(a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

. . .

(2) if the debt collector <u>knows</u> the consumer is represented by an attorney with respect to such debt <u>and has knowledge of, or can readily ascertain</u>, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . . (Emphasis added).

10. Thus, a claim under §1692c(a)(2) requires that the debtor plead facts to support two prongs: the debt collector (1) had actual knowledge of the debtor's representation by an attorney and (2) knew or could readily determine the attorney's name and address.[1]

11. Harding has not and cannot allege a single fact constituting actual knowledge by Regent. *See* ¶¶7 through 13, Complaint).

### No §1692d or §1692f Claims

12. Plaintiff speciously alleges that Regent violated §1692d and §1692f by "contacting a consumer who Defendant knows, or can readily ascertain, is represented by counsel" (¶18(b), Complaint [§1692d] and ¶18(e), Complaint [§1692f]).

13. Section 1692d prohibits a "debt collector from harassing, oppressing, or abusing any person in connection with the collection of a debt." 15 U.S.C. §1692d. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

14. Plaintiff's complaint *is* devoid of assertions showing harassing, oppressing, abusing, unfair or unconscionable conduct. A mere failure to ascertain that the debtor is represented by counsel states no claim under §1692d or §1692f.

### No §1692e Claims

15. Equally specious, defendant alleges violations of 15 U.S.C. §1692e generally, and specific violations of §1692e(2)(a), §1692e(5) and §1692(10).

---

[1] *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (actual knowledge required); *Hubbard v. National Bond and Collection*, 122 B.R. 422, 426-27 (D. Del. 1991) aff'd without opinion 747 F.2d 935 (3d Cir. 1991) ("[debtor] must prove that prior to the defendant's sending of the collection letter, the defendant had 'actual knowledge' that [he] was represented by an attorney with respect to the ... debt.").

16. Section 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The specific sections of §1692e cited by plaintiff also prohibit:

a. The false representation of the character, amount, or legal status of any debt. (§1692e(2)(A)).

b. The threat to take any action that cannot legally be taken or that is not intended to be taken. (§1692e(5)).

c. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. (§1692e(10)).

17. Plaintiff alleges defendant violated §1692e because:

Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of the Debt

. . . [and]

Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken.

(¶¶18(c) and (d), Complaint).

18. Again, plaintiff's complaint is devoid of assertions of false, deceptive, or misleading representation or means in connection with the collection of any debt. Equally lacking are allegations of threats to take action that cannot legally be taken. A mere failure to ascertain that the debtor is represented by counsel also states no claim under §1692e.

### IV. NO TDCA VIOLATIONS

19. For a TDCA claim, Harding must prove that he was subjected to debt collection – namely, "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor" (§392.001(5), TEX. FIN. CODE) – and that prohibited acts or omissions were committed by Regent. *Catherman*, 796 S.W.2d at 302.

**No TDCA Claim for "Threatening" Actions Prohibited by Law**

20. Plaintiff alleges that actions "prohibited by law" were taken:

In violation of Tex. Fin. Code Ann. §392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law. (¶20a), Complaint)

21. In relevant part, the Texas Finance Code provides:

(a) in debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

\*\*\*

(8) threatening to take an action prohibited by law.

§392.301(a)(8), Tex. Fin. Code.

22. Plaintiff does not identify any act that Regent threatened to take that is prohibited by law. The failure to allege that a prohibited action was threatened requires dismissal. A purported violation of §1692c is not actionable under the TDCA. No case authority interpreting §392.301(a)(8) has considered or held that a "threat" to violate and/or actual violation of the FDCPA is contemplated by or would supply the required predicate.[2] To the extent plaintiff's claim is a reiteration of other purported FDCPA "violations," those causes of action fail as discussed *supra*. Therefore, no §392.301(a)(8) claim is stated.

**No TDCA Debt Misrepresentation Claim is Stated**

23. Harding also claims that "in violation of Tex. Finance Code §392.304(a)(8), the defendant misrepresented the character of a consumer debt. (¶20(b) Complaint). Not a single fact is pled in support of this allegation. §392.304(a)(8) provides:

---

[2] *See e.g.* §392.304(a)(15), which expressly creates a TDCA violation for transgressing federal law if a written communication "violates the United States postal laws and regulations."



(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive or misleading representation that employs the following practices:

* * *

(8) misrepresenting the character, extent, or amount of a consumer debt ...

TEX. FINANCE CODE §392.304(a)(8).

24. With no factual allegations showing a misrepresentation, Harding merely concludes there was a violation. (¶20b, Complaint). The failure to assert facts constituting misrepresentations by Regent of the "character" of the debt is fatal and no §392.304(a)(8) claim is possible.

### V. CONCLUSION

25. Harding's entire case is based on the proposition that Regent contacted Harding directly, though Regent could readily ascertain that Harding had a lawyer. However, all of Harding's claims fail because Harding has not, and cannot, allege that Regent had actual knowledge that Harding had a lawyer. The mere failure to ascertain that a debtor is represented by a lawyer does not constitute a cause of action for which relief may be granted. Both Harding's federal and state causes of action fail to state a cause of action against REGENT under any theory. Pursuant to Rule 12(b)(6), all of Harding's causes of action must be dismissed.

### PRAYER

For the reasons set forth above, Defendant ANH H. REGENT requests the Court grant his Motion to Dismiss and to dismiss Plaintiff's claims with prejudice, and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

_____
Henry A. Jakob

TBN 240002129, FBN 22672
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile

ATTORNEYS FOR DEFENDANT,
J.J. REGENT COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via certified mail, return receipt requested, this 8TH day of August, 2004:

Jerry J. Jarzombek
MILLER & JARZOMBEK
714 W. Magnolia
Fort Worth, Texas 76104

Henry A. Jakob